■ In the Matter of LE CESSE BROS. CONTRACTING, INC., Appellant, v JOHN C. EGAN, as Commissioner of the Office of General Services, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Conway, J.), entered March 5, 1982 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, seeking to require that a contract be awarded to petitioner as the lowest responsible bidder. On January 6, 1982, the Office of General Services received bids for a certain construction project, with the lowest bid being submitted by respondent John B. Pike & Son, Inc. (Pike) of $2,797,000 and the next lowest bid by petitioner of $2,874,000. The notice to bidders attached to the contract documents required that each bid be accompanied by a certified check or bank check in the amount of $84,400. When the bids were opened, it was discovered that Pike had included a bid bond rather than the required check for $84,400. This was determined to be an informality and Pike was given until noon on January 7, 1982 to supply the required check. Pike timely supplied the proper check and was recommended for the award. Petitioner commenced the present proceeding seeking to be awarded the contract as the lowest responsible bidder on the basis that Pike's failure to submit the required check with its bid precluded Pike from receiving the award. Special Term dismissed petitioner's application and this appeal ensued. Pursuant to subdivision 4 of section 8 of the Public Buildings Law, the Commissioner of General Services may waive any informality in proposals if said official deems the best interests of the State will be promoted thereby. In the present case, the requirement that a check for $84,400 be included in the proposal was waived and Pike was given a limited time to cure the defect and submit the proper check. Contrary to petitioner's assertions, we are of the view that Pike's submission of a bid bond rather than the required check could reasonably be considered a mere irregularity or informality and could be waived by the Commissioner of General Services if determined that such waiver would be in the best interests of the State. In addition, upon consideration of the substantial difference in the amounts between Pike's bid proposal and petitioner's bid proposal, we conclude that there was no abuse of discretion in waiving Pike's failure to submit the check and requiring that a proper check be submitted within a limited period of time. In our opinion, such action could properly be considered a promotion of the best interests of the State and was neither arbitrary nor capricious. We have considered petitioner's remaining arguments and find them unpersuasive. Accordingly, the judgment should be affirmed. Judgment affirmed, without costs. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.